**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUVIM TRACHIK, | No. 14-71879 |
| Petitioner, | Agency No. A071-388-873 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Ruvim Trachick, a native and citizen of Ukraine, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for withholding of removal and

relief under the Convention Against Torture ("CAT").   We have jurisdiction under

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.   We review de novo due process claims and review for substantial evidence the agency's factual findings.   *Vilchez v. Holder*, 682 F.3d 1195, 1198-99 (9th Cir. 2012).   We deny the petition for review.

We reject Trachick's contentions that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to prevail on a due process claim).

Substantial evidence supports the agency's conclusion that, even if Trachick's conviction was not a particularly serious crime, he failed to establish it is more likely than not his life or freedom would be threatened in Ukraine.   *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).   The record does not support Trachick's contentions that the IJ ignored evidence, or the relationship between his religion and Ukraine's draft requirement.   Thus, Trachick's withholding of removal claim fails.

Finally, substantial evidence supports the agency's determination that Trachick failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Ukraine.   *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**